Hossain v. Garland

BIA
Segal, IJ
A206 498 957

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

AMIR HOSSAIN,
> *Petitioner*,

v.                                                          21-6280
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**  Usman B. Ahmad, Long Island City, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amir Hossain, a native and citizen of Bangladesh, seeks review of an April 12, 2021, decision of the BIA summarily affirming an August 28, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amir Hossain*, No. A206 498 957 (B.I.A. Apr. 12, 2021), *aff'g* No. A206 498 957 (Immig. Ct. N.Y. City Aug. 28, 2018). Hossain argues that the IJ erred in finding that he was not credible in connection with his claims of past persecution and fear of future persecution at the hands of a rival political party. We assume the parties' familiarity with the underlying facts and procedural history.

As a threshold matter, we lack jurisdiction to review Hossain's challenge to the BIA's decision to summarily affirm the IJ's decision and to not issue a three-member opinion. *See Kambolli v. Gonzales*, 449 F.3d 454, 461–63 (2d Cir. 2006). It is well settled that "summary affirmance of IJ decisions by a single Board member does not deprive an asylum applicant of due process." *Yu Sheng Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 157 (2d Cir. 2004); *see also* 8 C.F.R. § 1003.1(e)(6) (setting out circumstances required for three-member decision). Because the BIA summarily affirmed without opinion, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering

3

the circumstances under which the statements were made), the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76. Hossain alleged that he was attacked multiple times by political rivals because of his membership in the Bangladesh Nationalist Party. Substantial evidence supports the IJ's adverse credibility determination.

As an initial matter, the IJ did not err in relying on the record of Hossain's credible fear interview. A credible fear interview warrants "close examination" because it may "be perceived as coercive" by the alien or fail to "elicit all of the details supporting an asylum claim." *Ming Zhang v. Holder*, 585 F.3d 715, 724–25 (2d Cir. 2009). Nevertheless, "[w]here the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility." *Id*. at 725. "Hallmarks of reliability" include

4

whether the interview is memorialized in a typewritten record of questions and answers, whether the record demonstrates that the applicant understood the questions and reflects questions about past harm or fear of future harm, and whether the interview was conducted with an interpreter. *Id.* The IJ correctly observed that those hallmarks of reliability were present here. A Bengali interpreter was used (and Hossain listed Bengali on his asylum application as his native language); the interviewer asked Hossain questions designed to elicit an asylum claim; the questions and answers were memorialized in a typewritten document; and at no point did Hossain object to the interpreter or demonstrate difficulty understanding the interviewer's questions.

The IJ reasonably relied on inconsistencies in Hossain's statements at various stages of the proceedings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). *First*, Hossain testified inconsistently about how he injured his leg, initially claiming he was run over by a car and later stating that he was hit by a Molotov cocktail. Hossain sought to explain this inconsistency by stating that he had avoided disclosing the Molotov cocktail attack because he was told it would be perceived as violent. However, the IJ was not required to accept Hossain's explanation that he had feared disclosing the Molotov cocktail attack; Hossain had alluded to a Molotov

5

cocktail in his credible fear interview and included a later Molotov cocktail attack in his application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

*Second*, the IJ reasonably relied on Hossain's inconsistent statements about how many times he was physically attacked. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At his credible fear interview, Hossain stated that he was physically hurt "three to four times," and he went on to describe three physical attacks in the interview and on his asylum application. However, Hossain testified at his hearing that he was attacked only twice.

*Third*, Hossain testified that he was assaulted with hockey sticks in April 2013, but he wrote on his asylum application that this attack took place in July 2013. The IJ reasonably relied on this minor inconsistency about the attacks in combination with the other inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167 ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (alterations and internal

6

quotation marks omitted)).

In sum, substantial evidence supports the adverse credibility determination given the multiple inconsistencies among Hossain's written and oral statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

7